*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

ZAINAB HANS,

      Plaintiff-Appellant,

v

AHSAN HANS,

      Defendant-Appellee,

and

EISENBERG & SPILMAN, PLLC, and HOWARD
I. WALLACH,

      Other Parties.

UNPUBLISHED
March 31, 2022

Nos. 355468; 356936
Oakland Circuit Court
LC No. 2016-842481-DM

Before: RICK, P.J., and MURRAY and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

This case presents the most confusing division of assets in any divorce case I have reviewed to date and it appears that the complexity of the manner of disbursement caused an error by the trial court in failing to ensure that the parties were properly credited for the sums paid to satisfy debts and attorney fees. Accordingly, I would remand for review of the ultimate division of the equity in the sale of the couple's two homes.

The parties agreed that they each had a 50% interest in the profit from the sales of the homes. In order to ensure that the parties' debts and attorney fees were fully paid, the monies obtained in the sale were first paid to satisfy those debts and fees. However, the order of payment does not control the portions of the payments for which each party should be credited. It appears to me that the court lost sight of this fact and rather than granting each party appropriate credit for the attorney fees and other debts it assumed that the right to equal shares only arose after those debts were paid; in other words each party contributed 50% of the home-sale funds to pay the debts and fees. But the debts were not assigned equally by the judgment. Defendant was to pay 75% of

-1-

the debt and plaintiff 25% of the debt and the fact that the debts were paid out of the profits from the sale of the jointly owned property does not change the fact that defendant was to responsible to pay 75% of the debt.  Defendant *owed* 75% of the debt plus a $50,000 payment to plaintiff's counsel.  But he is not entitled to claim that he *paid* 75% of those bills when they were paid from the net proceeds in which plaintiff had a 50% interest.  Whatever debt was paid out of the home sales, defendant was entitled to credit only 50% of the payments against his 75% share of the debt. The same is true of the $50,000 defendant was required to contribute to plaintiff's attorney fees. To the degree this $50,000 was paid to plaintiff's counsel out of the net proceeds of the home sales, defendant was entitled to credit for only 50% of that payment, not 100%.

I would remand this case for the trial court to review whether the distributions made and credits provided were consistent with the intent of the parties and the arbitrator and to make further orders as necessary to ensure that the parties each received 50% of the net profits as credit against the amounts they were to pay in debts and fees.

/s/ Douglas B. Shapiro